IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| O.P. SCHUMAN & SONS, INC., a Pennsylvania Corporation, individually and as the representative of a class of similarly-situated persons,<br><br>          Plaintiff,<br><br>v.<br><br>DJM ADVISORY GROUP, LLC, BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK and JOHN DOES 1-12<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

## CLASS ACTION COMPLAINT

Plaintiff, O.P. Schuman & Sons, Inc. ("Schuman" and "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or its attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendants DJM Advisory Group, LLC ("DJM"), Banner Life Insurance Company ("Banner Life"), William Penn Life Insurance Company of New York ("William Penn"), and John Does 1-12 (collectively "Defendants"):

## PRELIMINARY STATEMENT

1. Defendants have sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2. Defendants sent Plaintiff at least one advertisement by facsimile and in violation of the TCPA. Exhibit A.

3. Plaintiff brings this action on behalf of itself and a class of all similarly-situated persons, and against Defendants, seeking statutory damages for each violation of the TCPA, trebling of the statutory damages, injunctive relief, compensation and attorney fees (under the conversion count), and all other relief the Court deems appropriate under the circumstances.

4. Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. Moreover, a junk fax interrupts the recipient's privacy. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a Pennsylvania corporation with its principal place of business in Bucks County, Pennsylvania.

6. On information and belief, DJM is a New York limited liability company with its principal place of business in Mahopac, New York.

7. On information and belief, Banner Life is an insurance company incorporated in the state of Maryland, with its principal office in Rockville, Maryland.

8. On information and belief, William Penn Life Insurance Company of New York is a wholly owned subsidiary of Banner Life with an office located in Garden City, New York.

9. John Doe Defendants 1-12 are persons yet unknown to Plaintiff that actively participated in the transmission of fax advertisements to the class, or benefitted from those transmissions.

10. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

11. Personal jurisdiction exists over Defendants in Pennsylvania because Defendants have transacted business and committed tortious acts within the State.

12. Venue is proper in the Eastern District of Pennsylvania, Philadelphia because Defendants committed statutory torts within this District and a significant portion of the events took place here.

## FACTS

13. Defendants sent advertisements by facsimile to Plaintiff and a class of similarly-situated persons. Whether Defendants did so directly or with the assistance of a third party (yet unknown to Plaintiff), Defendants are directly liable for violating the TCPA.

14. Plaintiff has received at least one of Defendants' advertisements by facsimile. A true and correct copy of the fax received in or about April 2013 is attached as Exhibit A. Plaintiff intends to discover the number of other Defendants' advertisements sent to Plaintiff by fax.

15. Exhibit A is a one-page document Defendants sent by fax advertising Defendants' term life insurance. The fax advertises the commercial availability or quality of property, goods, or services. The fax provides information about the availability and price of various term life insurance quotes purportedly offered by DJM, and methods for contacting DJM to receive a personalized term life insurance quote.

16. Exhibit A advertises term life insurance policies issued by Defendant Banner Life and Defendant William Penn.

17. Exhibit A includes DJM's name, address, and contact information.

18. Exhibits A includes Defendant Banner Life and Defendant William Penn's names and the states where Defendant Banner Life and Defendant William Penn are located and do business.

19. On information and belief, Defendant Banner Life receives some or all of the revenues from the sale of the products, goods, and services issued by Banner Life and advertised on Exhibit A and Banner Life profits and benefits from the sale of the products, goods, and services advertised on Exhibit A issued by Banner Life.

20. On information and belief, Defendant William Penn receives some or all of the revenues from the sale of the products, goods, and services issued by William Penn and advertised on Exhibit A and William Penn profits and benefits from the sale of the products, goods, and services advertised on Exhibit A issued by William Penn.

21. Exhibit A does not include a compliant opt-out notice required by 47 C.F.R. § 64.1200 (a) (4).

22. Plaintiff did not expressly invite or give permission to anyone to send Exhibit A or any other advertisement from DJM, Banner Life, or William Penn to Plaintiff's fax machine.

23. On information and belief, Defendants sent advertisements by facsimile to Plaintiff and more than 39 other persons in violation of the TCPA.

24. Plaintiff and the other class members owe no obligation to protect their fax machines from Defendants. Their fax machines are ready to send and receive their urgent communications, or private communications about patients' medical needs, not to receive Defendants' unlawful advertisements.

5

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> All persons who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability or quality of property, goods, or services offered by "DJM," "Banner Life Insurance Company," or "William Penn Life Insurance Company," that did not contain an opt-out notice that complied with federal law.

Plaintiff expressly reserves the right to modify the proposed class definition or propose subclasses.

26. Excluded from the class are Defendants, any entity in which Defendants have a controlling interest, each of Defendants' officers, directors, legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, including his or her immediate family.

27. On information and belief, Defendants' fax advertising campaigns involved other, substantially-similar advertisements also sent without a compliant opt-out notice required by the TCPA. Plaintiff intends to locate those advertisements in discovery.

28. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies Rule 23 (a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any

individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

29. <u>Numerosity/impracticality of joinder.</u> On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but will be obtained from Defendants' records or the records of third parties.

30. <u>Commonality and predominance.</u> There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

    a. Whether Defendants sent advertisements by facsimile promoting the commercial availability or quality of property, goods, or services;

    b. Whether <u>Exhibit A</u> and other yet-to-be-discovered facsimiles sent by or on behalf of Defendants advertised the commercial availability or quality of property, goods or services;

    c. The manner and method Defendants used to compile or obtain the list(s) of fax numbers to which they sent the faxes contained in <u>Exhibit A</u> and other fax advertisements;

   d.  Whether Defendants' fax advertisements contained opt-out notices compliant with the TCPA;

   e.  Whether Plaintiff and the other class members should be awarded statutory damages;

   f.  If the Court finds that Defendant(s) willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount;

   g.  Whether the Court should enjoin Defendants from faxing advertisements in the future; and

   h.  Whether Defendants' conduct as alleged herein constituted conversion.

31. **Typicality of claims.** Plaintiff's claims are typical of the claims of the other class members, because Plaintiff and all class members were injured by the same wrongful practices. Plaintiff and the members of the class received Defendants' advertisements by facsimile and those advertisements did not contain a compliant opt-out notice required by the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the other putative class members will prevail as well.

32. **Adequacy of representation.** Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex

class action litigation, and TCPA litigation in particular, and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

33.   <u>Prosecution of separate claims would yield inconsistent results.</u> Even though the questions of fact and law in this action are predominantly common to Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendants to operate under if/when class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

34.   <u>A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions.</u> A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance

as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

35. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

36. Plaintiff brings Count I on behalf of itself and a class of similarly situated persons against Defendants.

37. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227 (b) (1).

38. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

39. The TCPA provides a private right of action as follows:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227 (b) (3).

40. The Court, in its discretion, may treble the statutory damages if it determines that a violation was knowing or willful. 47 U.S.C. § 227 (b) (3).

41. Here, Defendants violated 47 U.S.C. § 227 (b) (1) (C) by sending an advertisement by facsimile (such as Exhibit A) to Plaintiff and the other class members without their prior express invitation or permission.

42. The TCPA requires that every advertisement sent by facsimile must include a compliant opt-out notice clearly and conspicuously displayed on the bottom of its first page. 47 C.F.R. § 64.1200 (a) (4).

43. Exhibit A does not provide all of the information the TCPA requires for a compliant opt-out notice. Exhibit A fails to state on the advertisement's first page that the recipient may make a request to the sender not to send any future advertisement by facsimile and that the sender's failure to comply within 30 days is unlawful.

44. Defendants violated the TCPA by failing to state on the first page of each fax advertisement that their failure to comply with an opt-out request within 30 days would be unlawful. Exhibit A.

45. Defendants failed to make clear whether it has provided a domestic telephone number and a fax number as required by 47 U.S.C. § (b) (2) (D) (iv) and it

11

Case 2:17-cv-00157-UA-CM Document 1 Filed 06/27/16 Page 12 of 17 PageID 12

is not clear from the purported opt-out notice that the mechanism provided is available 24/7 as stipulated by 47 U.S.C § 227 (b) (2) (D) (v).

46. Facsimile advertising imposes burdens on recipients that are distinct from the burdens imposed by other types of advertising. The required opt-out notice provides recipients the necessary information to opt-out of future fax transmissions, including a notice that the sender's failure to comply with the opt-out request will be unlawful. 47 C.F.R. § 64.1200 (a) (4).

47. Plaintiff did not expressly invite or give permission to anyone to send Exhibit A or any other advertisement from DJM to Plaintiff's fax machine.

48. Defendants' failure to include a compliant opt-out notice on their fax advertisements makes irrelevant any express consent or established business relationship ("EBR") that otherwise might have justified Defendants' fax advertising campaigns. 47 C.F.R. § 64.1200 (a) (4).

49. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if their actions were negligent. 47 U.S.C. § 227 (b) (3).

50. Even if Defendants did not intend to injure Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste their valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

51.  If Defendants' actions were knowing or purposeful, then the Court has the discretion to increase the statutory damages up to 3 times the amount. 47 U.S.C. § 227 (b) (3).

52.  DJM is liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, the faxes were sent on its behalf, or under general principles of vicarious liability, including actual authority, apparent authority and ratification.

53.  Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods, products, or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A is an advertisement, and that Exhibit A did not display a compliant opt-out notices as required by the TCPA.

54.  Defendants' actions damaged Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used the fax machines of Plaintiff and the other class members. The subject faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff and the other class members' privacy interests in being left alone. Finally, the

injury and property damage sustained by Plaintiff and the other class members from the sending of unlawful fax advertisements occurred outside Defendants' premises.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award $500.00 in statutory damages for each violation of the TCPA;

C.      That, if it finds Defendant(s) willfully or knowingly violated the TCPA's faxing prohibitions, the Court exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount (Plaintiff requests trebling);

D.      That the Court enter an injunction prohibiting Defendants from violating the TCPA; and

  E.  That the Court award costs and such further relief as the Court may deem just and proper.

          Respectfully submitted,

          O.P. SCHUMAN & SONS, INC., an
          Pennsylvania Corporation, individually and
          as the representative of a class of similarly-
          situated persons

    By: _____
          Alan C. Milstein
          Sherman, Silverman, Kohl,
           Rose & Podolsky
          East Gate Center
          308 Harper Drive, Suite 200
          Moorestown, NJ 08057
          Telephone: 856-662-0700 Ext. 236

          Phillip A. Bock
          Tod A. Lewis
          Jonathon Piper
          Bock, Hatch, Lewis & Oppenheim, LLC
          134 N. La Salle St,, Ste. 1000
          Chicago, IL 60602
          Telephone: 312-658-5500
          Facsimile: 312-658-5555

DATE:   <u>Monday, June 20, 2016</u>

# EXHIBIT "A"

DJM Advisory Group, LLC
41 Scout Hill Road
Mahopac, New York 10541
Phone: 845-803-8370
Fax: 866-215-0594
Website: allterminsurance.com
*Specializing In Life Insurance Since 1991.*

# ALL TERM INSURANCE.COM

*Protect* your most valuable asset - Your Income
with *AFFORDABLE* **TERM LIFE INSURANCE**
*Are you paying too much?*

| Face Amount | | $250,000 | | $500,000 | | $1,000,000 | |
|---|---|---|---|---|---|---|---|
| Sex | | Male | Female | Male | Female | Male | Female |
| Age | 35 | $10.94 | $10.06 | $16.19 | $14.44 | $26.69 | $23.19 |
| | 40 | $13.13 | $11.81 | $20.56 | $17.94 | $31.06 | $29.31 |
| | 45 | $18.38 | $16.63 | $31.06 | $27.56 | $52.94 | $46.81 |
| | 50 | $25.59 | $22.75 | $45.50 | $39.81 | $80.06 | $70.44 |
| | 55 | $40.25 | $30.63 | $74.81 | $55.56 | $138.69 | $101.94 |
| | 60 | $62.56 | $43.09 | $119.44 | $80.50 | $228.81 | $149.19 |
| | 65 | $108.50 | $68.69 | $211.31 | $131.69 | $399.44 | $246.31 |
| | 70 | $181.13 | $108.94 | $356.56 | $212.19 | $652.31 | $400.31 |

Monthly Premiums for: **OPTerm 10**
10-Year Guaranteed **TERM LIFE INSURANCE**
20 and 30 Year Guaranteed Level Term also available.

For a Complimentary *Personalized* Quote complete and FAX to: **866-215-0594**

Name _____ Age _____ Male/ Female    Smoker Yes/ No

Face Amount _____ Phone # _____

Fax # _____ Email: _____

To OPT OUT from receiving future solicitations please fax to Toll Free: 866-215-0594 — or call 845-803-8390
Email: optout@djmadvisorygroup.com

---

Legal & General America life insurance products are underwritten and issued by Banner Life Insurance Company, Urbana, MD and William Penn Life Insurance Company of New York, Garden City, NY. Banner products are distributed in 49 states and in DC. William Penn products are available exclusively in New York; Banner does not solicit business there. OPTerm policy form # ICC12OPTN and state variations. In New York, OPTerm policy form # OPTN-NY. Premiums are guaranteed to stay level for the initial term period and increase annually thereafter. Premiums based on preferred plus non-tobacco. Premiums quoted include a $65 annual policy fee. Rates as of 04.11.13. Two-year contestability and suicide provisions apply. Policy descriptions provided here is not a statement of contract. Please refer to the policy forms for full disclosure of all benefits and limitations. Compliance # 13-207.