# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# FORT MEYERS DIVISION

| | |
|---|---|
| O.P. SCHUMAN & SONS, INC., a Pennsylvania Corporation, individually and as the representative of a class of similarly-situated persons, ) ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: 2:17-cv-00157-UA-CM |
| v. ) ) | |
| DJM ADVISORY GROUP, LLC, BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, and JOHN DOES 1-12, ) ) ) ) ) ) | **CLASS ACTION** |
| Defendants. ) ) | |

## BANNER LIFE INSURANCE COMPANY'S AND WILLIAM PENN LIFE INSURANCE COMPANY'S MOTION TO STAY

Defendants Banner Life Insurance Company and William Penn Life Insurance Company of New York (hereinafter the "Insurer Defendants") respectfully request a stay of this action pending this Court's review and approval of a proposed class settlement in a parallel and related case captioned *JWD Automotive, Inc. v. DJM Advisory Group LLC, et al.*, Case No. 2:15-cv-00793 ("*JWD Automotive*"), which involves the same putative class members and identical claims. The proposed class settlement in *JWD Automotive*, if approved, will resolve the claims alleged in this case and provide relief to all putative class members.

*Local Rule 3.01(g) Statement:* The Insurer Defendants have conferred with counsel for Plaintiff O.P. Schuman & Sons, Inc., and Plaintiff does not consent to the

1

requested relief.  Co-Defendant DJM Advisory Group agrees to the relief sought in this Motion.

## I.    BACKGROUND

### A.    The procedural history of this action.

This case arises out of facsimile transmissions alleged to have been sent by or on behalf of Defendants in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  *JWD Automotive* arises from the same exact facts—and fax—as this action.  *JWD Automotive* was filed on December 21, 2015, and discovery has been underway for more than a year.[1]

The Complaint in this case and the complaint in *JWD Automotive* assert identical claims arising out of the same set of operative facts and propose to certify identical classes of individuals to whom certain faxes were sent allegedly without consent and/or without the requisite opt-out notice.  Specifically, plaintiffs in both actions allege they received an unsolicited facsimile transmission, of the same 1-page document, sent by or on behalf of Defendants, advertising the commercial availability of life insurance, allegedly in violation of the TCPA.  *See O.P. Schuman* Compl. ¶ 14 (June 27, 2016), ECF No. 1; *JWD Automotive* Compl. ¶ 13 (Dec. 21, 2015), ECF No. 1.  Plaintiffs in both actions assert claims on behalf of, and seek to represent, a class of individuals who also received the same fax.  *O.P. Schuman* Compl. ¶ 25, ECF No. 1; *JWD Automotive* Compl. ¶ 19, ECF No. 1.  The only meaningful distinctions between the cases are the named

---

[1] The Complaint in this case was filed on June 20, 2016 and discovery has not yet begun.

2

plaintiffs and the plaintiff lawyers—otherwise, the operative facts, legal claims, and proposed classes are the same.

This action was initially filed in the United States District Court for the Eastern District of Pennsylvania on June 20, 2016. Due to the identity of issues between this action and *JWD Automotive*, Defendants filed a motion in the Pennsylvania action to dismiss, stay, or transfer this action under the "first-to-file" (or "first-filed") rule. The court granted the motion in part, and issued an order transferring the case to this Court.[2] Specifically, the court held that *JWD Automotive* "is based on the transmission of the same facsimile at issue in this case, and the allegations in that case are substantially the same as the allegations here." *See* Mem. Opinion at 4 (Feb. 16, 2017), ECF No. 34. Furthermore, the court noted that the "proposed class definition in the [*JWD Automotive*] case is also substantially similar to the class definition in this case," and went as far to note that the *JWD Automotive* "class subsumes the class in this case." *Id*. at 4-5. Accordingly, the court decided that "[r]ather than having two district courts decide class certification for two substantially similar classes, where Plaintiff's claims necessarily fall within the Florida action class, it makes good sense for a single court to make such decisions for the sake of comity and consistency." *Id*. at 6.

### B.   The class settlement in *JWD Automotive*.

The parties in *JWD Automotive* engaged in a mediation session that resulted in a class settlement dated May 9, 2017. On May 10, 2017, the plaintiff in *JWD Automotive* filed a Motion for Preliminary Approval of Class Settlement. *JWD Automotive*, ECF No.

---

[2] In addition to transferring this action, the Eastern District of Pennsylvania denied the Insurer Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(f).

62 (attached hereto as Exhibit 1.) The settlement agreement applies to, and the Motion for Preliminary Approval seeks to certify, a settlement class that will subsume Plaintiff and the proposed class members in this action. If approved by this Court, the *JWD Automotive* settlement will cover, provide relief to, and resolve the claims of Plaintiff and the putative class of individuals it seeks to represent in this case. For these reasons, the Insurer Defendants request that the Court stay this action pending its review of the Motion for Preliminary Approval in *JWD Automotive*.

## II.     MEMORANDUM OF LEGAL AUTHORITY

### A.     This Case Should Be Stayed Because of a Settlement That Affects (and, if Approved, Will Resolve) the Claims of all Putative Class Members in this Litigation.

A stay should be entered in this case pending approval of the *JWD Automotive* settlement, because the *JWD Automotive* settlement would resolve Plaintiff's and the putative class members' claims against all Defendants. A trial court has broad discretion to stay proceedings in an action pending the resolution of independent proceedings in another case. *Tel. Sci. Corp. v. Hilton Grand Vacations Co.*, *LLC*, No. 6:15-cv-969-Orl-41DAB, 2015 WL 7444409, at *2 (M.D. Fla. Nov. 20, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). This discretion is "incident to [a district court's] power to control its own docket." *Clinton*, 520 U.S. at 706-07; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Courts have found it appropriate to stay actions where proposed settlements have been reached in related matters. This is especially true where the settlement has the potential to resolve the claims asserted and would obviate the need for further litigation.

4

*See Scoma Chiropractic v. Dental Equities, LLC*, No. 2:16-CV-41-FTM-99MRM, 2016 WL 7448718, at *3 (M.D. Fla. Dec. 28, 2016) (Steele, J.) (granting stay of TCPA fax case pending approval of class settlement in related case involving same claims and same proposed class); *In re JPMorgan Chase LPI Hazard Litig.*, Case No. C–11–03058 JCS, 2013 WL 3829271 (N.D. Cal. July 23, 2013) (granting stay where "settlement ... will obviate any further litigation of issues in this case."); *Ali v. Wells Fargo Bank N.A.*, No. CIV-13-876-D, 2014 WL 819385, at *2 (W.D. Okla. Mar. 3, 2014) (granting stay where court found that "if the settlement ... is approved, it will likely preclude all claims of the class Plaintiff seeks to represent in this case, and will resolve Plaintiff's claims unless she opts out of the certified class.").

Here, the settlement reached in the *JWD Automotive* action will resolve the claims asserted by Plaintiff in this action on behalf of itself and the putative class it seeks to represent. More specifically, the claims arise out of the same operative set of facts, and concern the same alleged fax transmissions. The United States District Court for the Eastern District of Pennsylvania recognized this in its February 16, 2017 Order transferring this action to this Court. *See* Mem. Opinion at 5-7, ECF No. 34 ("the Florida class subsumes the class in this case"; "no potential class members in this case would be excluded from the [*JWD Automotive*] class[3]"). Moreover, both actions seek relief in the form of statutory damages for Defendants' alleged violations of the TCPA. *See O.P. Schuman* Compl. at ¶¶ 3, 30, 54, ECF No. 1; *JWD Automotive* Compl. at ¶¶ 5, 21, 26, ECF No. 1.

---

[3] The class referenced in the Eastern District of Pennsylvania Order is the same class that plaintiff has proposed to certify in this case.

The *JWD Automotive* settlement—covering the claims of all persons who were sent the identical facsimile advertising term life insurance—therefore includes the claims against Defendants in this case.  If approved, Plaintiff and the putative class members will be included in the *JWD Automotive* settlement class and their claims, should they remain in the class, will be resolved by the settlement.  Accordingly, a stay is warranted pending review (and approval) of the settlement of the *JWD Automotive* action by this Court.

A stay is also appropriate because it will not be unduly prejudicial, will promote judicial economy, and can prevent inconsistent outcomes in related cases.  *See Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984).  In support of these interests, courts may "stay a case pending the resolution of related proceedings in another forum."  *Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).  Defendants initially seek only a temporary stay of this action pending this Court's review of the proposed settlement in *JWD Automotive*.  Should this Court approve the settlement proposed in *JWD Automotive*, the settlement would enjoin the claims Plaintiff is seeking to pursue in this case.

This initial stay will not be unduly prejudicial or tactically disadvantageous to Plaintiff because it will be for a limited period until the parties and the Court know whether the proposed settlement will be approved by the Court in JWD Automotive.  If the settlement is preliminarily approved, the putative class herein will have the opportunity to (1) file a claim (which will fully resolve those claims), (2) object to the proposed settlement, or (3) opt-out of the proposed settlement class and maintain

individual actions against Defendants.  Similarly, the named Plaintiff in this case would be entitled to relief under the settlement in *JWD Automotive*, or Plaintiff could opt-out and pursue its claims on an individual basis.  *See Scoma Chiropractic v. Dental Equities, LLC*, 2016 WL 7448718, at *3 (M.D. Fla. Dec. 28, 2016) (finding that stay pending settlement in related class action would not prejudice or disadvantage plaintiffs).

Additionally, a stay will reduce the burden of the litigation on the parties and the Court.  If the *JWD Automotive* settlement is approved, any judicial resources as well as the parties' time and expense spent on this matter between now and then would essentially be wasted.  Moreover, all parties face the risk of unnecessary proceedings and expenses if the case is not stayed.  *See Scoma,* 2016 WL 7448718 at *3 (holding that stay would simplify issues and reduce the burden of litigation); *Figueroa v. Carrington Mortg. Servs., LLC*, Case No. 8:15-cv-2414, 2016 WL 718289, at *3 (M.D. Fla. Feb. 22, 2016) ("While [plaintiff] might prefer to prosecute his case without this several month delay, the potential savings to the parties from unnecessary discovery expenses, as well as potential savings in judicial economy outweigh any hardship on [plaintiff] that might be caused by the delay.").

In this case, the entry of a stay is appropriate since the case is in its early stages and no discovery has occurred.  (The posture of this case contrasts with the *JWD Automotive* case, which was filed first, and where the parties have been actively engaged in discovery for more than a year.)  Judicial economy and the interests of all parties would be best served by holding this case in abeyance until the Court has an opportunity to consider the proposed settlement in *JWD Automotive.*

7

### III. CONCLUSION

For the foregoing reasons, Defendants Banner Life Insurance Company and William Penn Life Insurance Company of New York respectfully request that the Court stay this action until the Court rules on the Motion for Preliminary Approval of the class settlement in *JWD Automotive,* and if that motion is granted, that the stay continue until the Court determines whether to grant final approval of the settlement.

Dated:   May 12, 2017.

/s/ Patricia A. Gorham
Patricia A. Gorham
Florida Bar Number: 0049861
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, N.E., Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
Email: patriciagorham@eversheds-sutherland.com

**Attorney for Defendants**
**BANNER LIFE INSURANCE COMPANY and**
**WILLIAM PENN LIFE INSURANCE**
**COMPANY OF NEW YORK**

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2017, I filed the foregoing *BANNER LIFE INSURANCE COMPANY'S AND WILLIAM PENN LIFE INSURANCE COMPANY'S MOTION TO STAY* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record who are CM/ECF participants. I further certify that on May 12, 2017, I served *via* U.S. Mail, postage pre-paid, a true and correct copy of the foregoing *BANNER LIFE INSURANCE COMPANY'S AND WILLIAM PENN LIFE INSURANCE COMPANY'S MOTION TO STAY* on the following non-CM/ECF participant:

> Kevin J. Kotch
> THE KIM LAW FIRM LLC
> 1500 Market Street
> Centre Square West
> Suite W-3110
> Philadelphia, Pennsylvania 19102

/s/ Patricia A. Gorham