UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

O.P. SCHUMAN & SONS, INC., a Pennsylvania corporation individually and as the representative of a class of similarly situated persons,

    Plaintiff,

v.                                  Case No: 2:17-cv-157-FtM-99CM

DJM ADVISORY GROUP LLC, BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, and JOHN DOES 1-12,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants Banner Life Insurance Company and William Penn Life Insurance Company's ("Insurer Defendants") Motion to Stay (Doc. #70) filed on May 12, 2017. Plaintiff filed a response on May 26, 2017, stating that it consents to the stay (Doc. #73). For the reasons set forth below, and because the parties are in agreement, the Court will stay this matter.

This is a junk fax case brought pursuant to the Telephone Consumer Protection Act of 1991 (TCPA), as amended by the Junk Fax Protection Act of 2005, 47 U.S.C. § 227. (Doc. #1.) Defendants Banner Life Insurance Company and William Penn Life Insurance

Company[1] seeks a stay of the proceedings in this case pending the final approval of a class action settlement reached between JWD Automotive, Inc. and DJM Advisory Group LLC, Banner Life Insurance Company, and William Penn Life Insurance Company in a parallel action pending before the undersigned, JWD Automotive, Inc. v. DJM Advisory Group LLC, et al., Case No. 2:15-cv-793-29MRM (M.D. Fla.) ("JWD action"). Both this case and the JWD action arise out of and concern the same fax transmissions alleged to have been sent by or on behalf of defendants in violation of the TCPA in this case, and plaintiff and its claims in this case are within the settlement class definition.[2]

In the JWD action, defendants filed an unopposed motion for preliminary approval of the proposed class settlement and notice to the class. (Doc. #70-1.) If the settlement is preliminarily approved, the putative class will have the opportunity to: (1) file a claim, (2) object to the proposed settlement, or (3) opt-out of the proposed settlement class and maintain individual actions against the defendants. Plaintiff here states that it intends to object to the terms of the JWD action settlement but agrees that a stay of this matter is appropriate. (Doc. #73.)

---

[1] Defendant DJM Advisory Group LLC joined in the Insurer Defendants' stay request. (Doc. #70, p. 2.)

[2] This case was initially filed in the Eastern District of Pennsylvania, but transferred to this Court based on the first-filed rule due to the JWD action. (Doc. #34.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. Freedom Scientific, Inc. v. GW Micro, Inc., No. 8:05-cv-1365-T-33TBM, 2009 WL 2423095, *1 (M.D. Fla. July 29, 2009).

The Court finds that a stay would not unduly prejudice or disadvantage plaintiff as it is in agreement with the stay, and that a stay will otherwise simplify the issues and reduce the burden of litigation on the parties as the JWD action settlement has the potential to resolve all claims held by plaintiff in this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants Banner Life Insurance Company and William Penn Life Insurance Company's ("Insurer Defendants") Motion to Stay (Doc. #70) is **GRANTED.** This case is **STAYED** and the Clerk is directed to add a stay flag.

2. The stay shall remain in effect until **July 31, 2017**, or such time as plaintiff opts-out of the underlying settlement. If plaintiff opts-out of the underlying settlement, it is directed to file a notice with the Court, requesting that the stay be lifted.

3. If plaintiff does not opt-out of the underlying settlement, the stay will continue until the Court's final determination of whether the settlement should be approved in <u>JWD Automotive, Inc. v. DJM Advisory Group LLC, et al.</u>, Case No. 2:15-cv-793-29MRM (M.D. Fla.). If the settlement is terminated, or final approval does not occur, the stay will be immediately lifted. Defendant Banner Life Insurance Company is directed to file a notice with the Court upon such a determination by the court in the <u>JWD</u> action.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record